UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGG THOMAS, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF SYLVIA THOMAS, | § § § § § § § § § § | |
| *Plaintiff*, | | Civil Action No. 3:21-CV-01412-X |
| v. | | |
| CANTEX HEALTH CARE CENTERS III LLC and FW SENIOR COMMUNITY LTD. CO., | | |
| *Defendants*. | | |

## MEMORANDUM ORDER AND OPINION

Before the Court is plaintiff Gregg Thomas's motion to remand this action to

Dallas County District Court. [Doc. No. 6]. Sylvia Thomas passed away from COVID-

19 while she was a resident at a facility operated by the defendants. On behalf of

Sylvia's estate, plaintiff Gregg Thomas brought various state-law claims against the

defendants in Dallas County District Court. [Doc. No. 1 Ex. A]. The defendants

removed the case to this Court [Doc. No. 1], and the plaintiff now moves to remand

the case to Dallas County District Court, arguing that this Court lacks jurisdiction

[Doc. No. 6].[1] For the reasons explained below, the Court hereby **GRANTS** the

motion and **REMANDS** the case to the Dallas County District Court.

---

[1] *See* 28 U.S.C. § 1447(c) (requiring federal courts to remand matters over which they lack
jurisdiction).

## I.     Background

The plaintiff asserts that, in 2019, Sylvia Thomas became a resident at The

Harrison at Heritage, a facility operated by the defendants, Cantex Health Care

Centers and FW Senior Community LTD. Co.  [Doc. No. 1 Ex. A].  The plaintiff alleges

that Thomas was entrusted to the defendants' care, and that the defendants

negligently failed to maintain an infection control policy to prevent COVID-19

outbreaks.  Thomas contracted COVID-19 and passed away due to COVID-19 in 2020.

The plaintiff asserts that Thomas was still under the care of nurses at the Heritage

facility and that their failure to act caused Thomas to pass away.

The plaintiff filed suit in the Dallas County District Court, alleging state

claims of medical negligence, corporate negligence, and gross negligence.   The

defendants removed the case to this court and the plaintiff filed a motion to remand.

## II.     Legal Standard

First, the Court outlines the standard for deciding whether it has jurisdiction.

Any civil action over which the United States district courts have original jurisdiction

"may be removed . . . to the district court . . . embracing the place where such action

is pending."[2]   The burden of establishing jurisdiction rests on the party seeking

removal.[3]   The Supreme Court and Fifth Circuit narrowly construe this removal

statute because federal courts have limited jurisdiction, and improper removal of

state matters gives rise to issues of judicial overreach and violations of federalism.[4]

---

[2] 28 U.S.C. § 1441(a).

[3] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[4] *Id.*; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

The Supreme Court has held that, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."[5]   This is known as the "well-pleaded complaint rule."[6]   A defendant's affirmative defense of federal preemption of state-law claims is insufficient to allow removal.[7]

There is, however, an exception to the well-pleaded complaint rule—the complete preemption doctrine.[8]  The Supreme Court has explained that the doctrine allows for removal when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."[9]  And the Supreme Court held in *Beneficial National Bank v. Anderson* that complete preemption exists only when "the federal statutes at issue provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."[10]

Building on these principles from the Supreme Court's caselaw, the Fifth Circuit has held that complete preemption requires the defendant to establish that: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is

---

[5] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

[6] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

[8] *Id.*

[9] *Id.* (cleaned up).

[10] *Beneficial Nat'l Bank*, 539 U.S. at 8.

a clear Congressional intent that claims brought under the federal law be
removable."[11]

*Beneficial National Bank* clarifies that prong three of the Fifth Circuit's test is
about whether Congress intended "that the federal action be exclusive" rather than
whether Congress intended that "the claim be removable."[12]  In addition, the Fifth
Circuit has emphasized that finding complete preemption is "extraordinary" and that
this exception to the well-pleaded complaint rule is "narrow."[13]

### III.   PREP Act Jurisdiction

Here, the defendants fail the test for complete preemption on each prong,
especially the requirement that Congress intended that the federal action be
exclusive.[14]   The defendants assert that the Public Readiness and Emergency
Preparedness (PREP) Act completely preempts Thomas's state-law claims, and thus
grants this Court jurisdiction.[15]  Therefore, the question is whether the PREP Act
gives rise to a preemptive force "so extraordinary that it 'converts an ordinary state

---

[11] *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008).

[12] *Id.*; *Beneficial Nat'l Bank*, 539 U.S. at 6; *PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 544 (5th Cir. 2005) (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 776 (5th Cir. 2003)).

[13] *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (quoting *Beneficial Nat'l Bank*, 539 U.S. at 5).

[14] The Court takes note of some lack of clarity as to the precise contours of the Fifth Circuit test governing complete preemption.  It is unclear whether *PCI Transportation* abrogated the first two prongs of the *Gutierrez* test with its language indicating that the "proper focus of the analysis is on whether Congress intended the federal action be exclusive."  *PCI Transp., Inc.*, 418 F.3d at 544. However, this wrinkle makes no difference here, as the defendants fail to meet all three prongs of the *Gutierrez* test, including the important third prong—which may or may not be the only prong after *PCI Transportation*.  *Gutierrez*, 543 F.3d at 252; *PCI Transp., Inc.*, 418 F.3d at 544.

[15] *See generally* 42 U.S.C. § 247d-6d.

common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."[16]

When the PREP Act applies, it provides broad immunity "from suit and liability under Federal and State law."[17]  Claims for covered injuries "directly caused by the administration or use of a covered countermeasure" must be pursued through a "Covered Countermeasure Process Fund."[18]  Suits alleging willful misconduct may be brought only in the United States District Court for the District of Columbia after exhausting administrative remedies.[19]

The PREP Act does not completely preempt state-law negligence claims related to COVID-19.  It fails all of the elements of the Fifth Circuit's complete preemption test.[20]  The first element is that "the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law . . . ."[21]  "The PREP Act is, at its core, an immunity statute.  It does not create a federal cause of action or any rights, duties, or obligations."[22]  The defendants fail to show that the PREP Act provides a federal cause of action, much less that any cause of action is exclusive.[23]

---

[16] *Caterpillar Inc.*, 482 U.S. at 393 (cleaned up).

[17] 42 U.S.C. § 247d-6d(a)(1).

[18] *Id.* § 247d-6e.

[19] *Id.* § 247d-6d(e).

[20] *See PCI Transp., Inc.*, 418 F.3d at 544.

[21] *Gutierrez*, 543 F.3d at 252.

[22] *Elliott v. Care Inn of Edna LLC*, No. 3:20-CV-3185, 2021 WL 2688600, at *3 (N.D. Tex. June 30, 2021) (Scholer, J.).

[23] *See Gutierrez*, 543 F.3d at 252; *PCI Transp., Inc.*, 418 F.3d at 544.

The second element of the Fifth Circuit's complete preemption test requires "a specific jurisdictional grant to the federal courts for enforcement of the right."[24]  But under the PREP Act, general claims proceed through agency administrative review and claims of "willful misconduct" may ultimately proceed (after administrative remedies are exhausted and various other requirements are met) to the United States District Court for the District of Columbia.[25]  This does not constitute a jurisdictional grant to "the federal courts . . . ."

The third element, requiring "clear Congressional intent that claims brought under the federal law be removable," has, again, been clarified by *Beneficial National Bank* to center on whether Congress intended that the federal action be exclusive instead of the claim being removable.[26]  Here, the Court turns to the text of the PREP Act itself.[27]  "In providing immunity to certain covered persons for certain types of claims, the PREP Act confers primary jurisdiction over most claims not to the federal courts but to the Secretary [of the Department of Health and Human Services], who has the sole authority to administer and provide compensation from a 'Covered Countermeasure Process Fund.'"[28]  "Willful misconduct" claims can be brought only in the United States District Court for the District of Columbia, and only after

---

[24] *Gutierrez*, 543 F.3d at 252.

[25] 42 U.S.C. § 247d-6d(e)(1).

[26] *Gutierrez*, 543 F.3d at 252; *Beneficial Nat'l Bank*, 539 U.S. at 5; *PCI Transp., Inc.*, 418 F.3d at 544.

[27] 42 U.S.C. § 247d-6d; *see* Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 Harv. L. Rev. 2118, 2134–25 (2016); *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) ("[Wh]ere the statutory language provides a clear answer, [the inquiry] ends there . . . .").

[28] *Schuster v. Percheron Healthcare, Inc.*, 493 F. Supp. 3d 533, 537 (N.D. Tex. 2021) (Pittman, J.) (quoting 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)).

exhausting administrative remedies.   And even after exhausting administrative

remedies, a plaintiff can still opt out of filing in the District of Columbia by accepting

compensation from the Process Fund.[29]  "Thus, except for one narrow exception, PREP

Act claims cannot be brought in federal court."[30]

The defendants attempt to argue by analogy to the National Childhood Vaccine

Injury Act of 1986 and the Air Transportation Safety and System Stabilization Act of

2001.[31]  While there are some similarities, the PREP Act is different in both form and

function, which matters because the heart of the complete-preemption inquiry is

whether Congress intended the Act to provide an exclusive cause of action.  The Court

finds analogy to either statute unpersuasive.  Unlike the PREP Act, the text and

structure of the Childhood Vaccine Act evinced Congress's intent that that Act

preempted state-law vaccine design-defect claims.[32]  As for the Air Transportation

Act, it provides a federal cause of action for damages arising out of hijacking and

crashes and provides original and exclusive jurisdiction in the United States District

Court for the Southern District of New York. [33]  In stark contrast, the PREP Act

---

[29] *See* 42 U.S.C. §§ 247d-6e(d)(1), 247d-6e(d)(5); *see also* 42 U.S.C. §§ 247d-6d(d)(1), 247d-6d(e)(1).

[30] *Schuster*, 493 F. Supp. 3d at 537–38.

[31] Doc. No. 9 at 9; 42 U.S.C. § 300aa–22(b)(1); 49 U.S.C. § 40101.

[32] *See Bruesewitz v. Wyeth, LLC*, 562 U.S. 223, 231–32 (2011).

[33] *See* 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)(1); 49 U.S.C. §§ 40101, 408(a) (2003); *see also Wright v. Encompass Health Rehab. Hosp. of Columbia, Inc.*, No. 3:20-02636, 2021 WL 1177440, at *4 (D.S.C. Mar. 29, 2021) (rejecting the analogy between Air Transportation Act and the PREP Act because Air Transportation Act established "a federal cause of action and an exclusive remedy for qualified damages" while the PREP Act does not).

provides federal jurisdiction only in the narrow "willful misconduct" exception and only after exhaustion of administrative remedies.

Finally, the defendants contend that a January 2021 Advisory Opinion from the Health and Human Services' Office of the General Counsel transforms the PREP Act into a preemptive statute.[34]

Not so.  The Advisory Opinion expressly notes that it does not have the force or effect of law.[35]  And the Court owes it no *Chevron* deference because it is not the result of "for example, a formal adjudication or notice-and-comment rulemaking . . . ."[36]

Therefore, the Court rejects the defendant's PREP Act complete-preemption argument.  In so holding, the Court joins the overwhelming majority of its sister courts to have considered the question.[37]

## IV.    Federal Officer Jurisdiction

Next, the defendants argue that the Court has jurisdiction under the federal officer removal statute.[38]  The statute permits an "officer to remove a case even if no

---

[34] Doc. No. 7-3; Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, 21-01, (Op. O.G.C., Dep't of Health & Hum. Servs. Jan. 8, 2021); Fourth Am. Decl., 85 Fed. Reg. 79190-01, 79194.

[35] *Id.* at 5.

[36] *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000).

[37] *See, e.g.*, *Brannon v. J. Ori, LLC*, No. 2:21-cv-00058, 2021 WL 2339196 (E.D. Tex. June 8, 2021); *Harry Forman v. C.P.C.H.*, No. 2:21-cv-02845, 2021 WL 2209308 (C.D. Cal. June 1, 2021); *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 3:20-cv-00683, 2021 WL 1561306 (M.D. Tenn. Apr. 21, 2021); *Hopman v. Sunrise Villa Culver City*, No. 2:21-cv-01054, 2021 WL 1529964 (C.D. Cal. Apr. 16, 2021); *Mitchell v. Adv. HCS, LLC*, No. 4:21-cv-00155, 2021 WL 1247884 (N.D. Tex. Apr. 5, 2021); *Lopez v. Adv. HCS, LLC*, No. 4:21-cv-00155, 2021 WL 1259302 (N.D. Tex. Apr. 5, 2021); *Stone v. Long Beach Healthcare Ctr.*, No. 2:21-cv-00326, 2021 WL 1163572 (C.D. Cal. Mar. 26, 2021).

[38] *See* 28 U.S.C. § 1442(a)(1).

federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response."[39]   To successfully remove under the statute, a defendant must establish that: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions."[40]

The defendants fail to satisfy at least the third element, "act[ing] pursuant to a federal officers' directions."  The defendants rely on *Latiolais v. Huntington Ingalls, Inc.*, where a federal contractor installed asbestos (back in the 1960s and 1970s) on express "directions of the U.S. Navy" and the Fifth Circuit held that removal was proper.[41]   These defendants stand in stark contrast, as they are private employees, not federal contractors, and attempted to adhere to loose CDC directives, not express directions of the U.S. Navy.[42]   As the Supreme Court has reminded us, even "a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone."[43]   "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored."[44]   Instead, a

---

[39] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (*en banc*) (holding that removal was proper where a plaintiff sued a government contractor for negligence and the government contractor acted in accordance with precise instructions received from U.S. Navy officials for asbestos refurbishing of a military ship).

[40] *Id.* at 296.

[41] *Id.*

[42] *Id.*

[43] *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007).

[44] *Id.*

"special relationship" must exist between the federal and private entities.[45]  Here, the

defendants were, at most, highly regulated entities.  Removal is therefore improper

under the federal officer removal statute.

### V.      *Grable* Doctrine Jurisdiction

Finally, the defendants assert that this Court has jurisdiction under the *Grable*

doctrine.[46]  Under this doctrine, a federal court may determine that a state-law claim

arises under federal law (and the federal court thus has jurisdiction) if the state-law

claim "necessarily raise[s] a stated federal issue, actually disputed and substantial,

which a federal forum may entertain without disturbing any congressionally

approved balance of federal and state judicial responsibilities."[47]

The defendants argue that this Court has jurisdiction under the *Grable*

doctrine because the aforementioned HHS Advisory Opinion says so.[48]  For the same

reasons that the Court does not follow the Advisory Opinion on the defendants'

complete-preemption argument, the Court does not follow the Advisory Opinion on

the defendants' *Grable*-doctrine argument.

 Because all three of the defendants' arguments fail to establish federal

jurisdiction, the motion to remand is **GRANTED**.[49]

---

[45] *Id.* at 157.

[46] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

[47] *Id.* at 314.

[48] Doc. No. 9 at 26.

[49] *See generally* Semisonic, *Closing Time, on* Feeling Strangely Fine (MCA Records, 1998) ("You don't have to go home, but you can't stay here.").

10

## VI.   Attorney's Fees

The plaintiff requests attorney's fees pursuant to 28 U.S.C. §1447(c).[50]

Congress enacted this statute in part to "deter removals sought for the purpose of

prolonging litigation and imposing costs on the opposing party . . . ."[51]   "[T]he

standard for awarding fees . . . turn[s] on the reasonableness of the removal."[52]  "The

award is limited to the 'fees and costs incurred in federal court that would not have

been incurred had the case remained in state court.'"[53]

The plaintiff requests $2,700 in attorney's fees for the time spent researching

the issues involved in this case, reviewing the documents filed, and preparing the

motion to remand and brief in support.[54]  The defendants oppose the request, arguing

that complete preemption under the PREP Act is a basis for removal because two

district courts have held so.[55]

The defendants' removal was not objectively reasonable.   To recap, the

defendants attempted to establish federal jurisdiction through: (1) the PREP Act—

---

[50] 28 U.S.C. §1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

[51] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).

[52] *Id.* at 141; *see also Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (holding that the propriety of the defendant's removal is central to determining whether to impose fees).

[53] *Sims v. AT&T Corp.*, No. 3:04-cv-1972, 2004 WL 2964983, at *5 (N.D. Tex. Dec. 22, 2004) (Fitzwater, J.) (quoting *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)).

[54] In his fees declaration, the attorney attested that he has seven years of experience and a billable-hour rate of $450, and that he spent 6 hours on the remand effort.  Doc. No. 7-7.

[55] Doc. No. 9 at 27.  The defendants do not contest the propriety of the plaintiff's attorney's rate and time expenditure.

which fails all three prongs of the Fifth Circuit's complete preemption test;[56] (2) the federal officer removal statute—despite Supreme Court precedent establishing that following governmental guidance does not make one a federal officer;[57] and (3) a *Grable*-doctrine argument based on an HHS Advisory Opinion that does not have the force and effect of law.[58]  The Court finds that a "cursory attempt to research the law in this circuit regarding" these arguments "would have shown Defendant[s] that making [them was] dubious."[59]  The award of attorney's fees is merited to deter removal by defendants who are similarly situated in the future.[60]

The Court **GRANTS** the plaintiff's request for reasonable attorney's fees in the matter of the removal of this action to federal court.[61]  The Court **ORDERS** the defendants to pay the plaintiff $2,700 for attorney work within 60 days of the date that this memorandum opinion and order is filed.

---

[56] Legion district courts in the Northern District of Texas and elsewhere have rejected the defendants' complete-preemption-under-the-PREP-Act argument. *See, e.g.*, *Schuster*, 493 F. Supp. 3d at 538; *Moody v. Lake Worth Investments Inc.*, No. 4:21-cv-00160, 2021 WL 4134414, at *5 (N.D. Tex. May 26, 2021); *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 241 (E.D.N.Y. Feb. 2, 2021); *Gunter v. CCRC Opco-Freedom Square, LLC*, No. 8:20-cv-1546, 2020 WL 8461513 at *3 (M.D. Fla. Oct. 29, 2020); *Martin v. Serrano Post Acute LLC*, No. CV 20-5937, 2020 WL 5422949 at *2 (C.D. Cal. Sept. 10, 2020); *Lutz v. Big Blue Healthcare, Inc.*, 480 F. Supp. 3d 1207, 1212 (D. Kan. Aug. 19, 2020).

[57] *Watson*, 551 U.S. at 143 (holding that someone is not a federal officer for "simply *complying* with the law").

[58] Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, 21-01, 1, 4 (Op. O.G.C., Dep't of Health & Human Servs. Jan. 8, 2021).

[59] *Moody*, 2021 WL 4134414, at *8 (O'Connor, J.).

[60] *See Martin*, 546 U.S. at 141.

[61] Doc. No. 7 at 24.

\* \* \*

The Court **GRANTS** the plaintiff's Motion to Remand [Doc. No. 6] and this action is hereby **REMANDED** to the 192nd Judicial District Court of Dallas County, Texas.

**IT IS SO ORDERED** this 4th day of November, 2021.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE